# Commonwealth, Appellant, *v.* Hesch.

*Appeals—Interlocutory order—Allowance of appeal from summary conviction.*

An order of the court of quarter sessions allowing an appeal to that court from a judgment of a justice of the peace in a summary conviction proceeding or an order refusing to strike off such appeal after it has been allowed, is an interlocutory order from which no appeal lies to the Superior Court.

Argued Oct. 5, 1914.   Appeal, No. 96, April T., 1915, by plaintiff, from order of Q. S. Warren Co., June Sessions, 1914, No. 4, refusing an appeal from a justice of the peace in case of Commonwealth v. George Hesch. Before RICE, P. J., ORLADY, HEAD, HENDERSON, KEPHART and TREXLER, JJ.   Appeal quashed.

Motion to quash appeal.

*D. U. Arird,* for appellant.

*C. E. Bordwell* and *Edward Lindsey,* for appellee.

PER CURIAM, October 12, 1914:

An order of the court of quarter sessions allowing an appeal to that court from the judgment of a justice of the peace in a summary conviction proceeding or an order refusing to strike off such appeal after it has been allowed is clearly an interlocutory order. The general rule is that no appeal can be taken to this court from a judgment, order or decree which is not a final disposition of the matter in controversy. Numerous illustrations of the application of the rule are cited in Monaghan's Appellate Practice, sec. 43, n. 3. To this general rule some exceptions have been made by statute but no exception has been made in favor of such an order as is assigned for error here, and the fact that it was made in a criminal or quasi criminal proceeding furnishes no reason for not applying the general rule. See Quay's Petition, 189 Pa. 517 at page 542; Com. v. Shivers, 15 Pa. Superior Ct. 579. As no final judgment has been entered, the motion to quash the appeal must prevail.

The appeal is quashed.